1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

QUOC XUONG LUU,          )
                     )    2:07-CV-0141-RLH (VPC)
        Plaintiff,   )
                     )
    vs.                )    <u>**REPORT AND RECOMMENDATION**</u>
                     )    <u>**OF U.S. MAGISTRATE JUDGE**</u>
CALIFORNIA STATE PRISON   )
SOLANO MEDICAL DEP'T., *et al*.,  )
                     )
       Defendants.   )    February 20, 2009
                     )

      This Report and Recommendation is made to the Honorable Roger L. Hunt, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Quoc Xuong Luu ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on January 22, 2007, seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff requested authority pursuant to 28 U.S. § 1915 to proceed in forma pauperis, which was granted in the court's February 11, 2008 order (#13). The court also dismissed plaintiff's complaint with leave to amend because plaintiff did not identify the names of the doctors he was suing, and rather named only "Doctor(s) in his/her individual and official capacities." *Id*., p. 3. Plaintiff also failed to state with particularity what actions the unnamed doctors took in violation of plaintiff's constitutional rights. *Id*. Plaintiff filed an amended complaint on March 11, 2008 (#18). In his amended complaint, plaintiff names as defendants Drs. Rallos, Naku, and Noriega, and the Solano Medical Department at California State Prison. *Id*.[1]

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally

---

      [1]Plaintiff also filed a "motion for objection of United States District Judge's ruling mount prejudicial error" (#17). Notwithstanding plaintiff's objection to the first order of dismissal with leave to amend, plaintiff also filed the amended complaint that is the subject of the instant screening order. Therefore, the court deems plaintiff's objection moot.

1  frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money

2  damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A

3  claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v.*

4  *Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where

5  it is based on an indisputably meritless legal theory or where the factual contentions are clearly

6  baseless. *Id*. at 327. The critical inquiry is whether a consitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th

8  Cir. 1989).

9      A complaint must contain more than a "formulaic recitation of the elements of a cause of

10  action;" it must contain factual allegations sufficient to "raise a right to relief above the

11  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

12  "The pleading must contain something more...than...a statement of facts that merely creates a

13  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this

14  standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg.*

15  *Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

16  favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395

17  U.S. 411, 421 (1969).

18      To sustain an action under section 1983, a plaintiff must show (1) that the conduct

19  complained of was committed by a person acting under color of state laaw; and (2) that the

20  conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*,

21  466 F.3d 676, 689 (9th Cir. 2006).

22      Plaintiff claims that in June of 2004, he injured his right hip while playing soccer (#18,

23  p. 7). Plaintiff states that he sought medical care a few days after the injury and an unnamed

24  defendant examined him and issued him pain medication. *Id*. Plaintiff alleges that his condition

25  worsened throughout 2004, but that defendants only gave him pain medication. *Id*. Plaintiff

26  claims that he further injured his hip getting down from a top bunk and that, although he could

27  not stand or walk due to pain, defendants forced him to walk the thirty feet from his housing unit

28

1  to the medical department and back to his cell. *Id*. However, defendants did not treat him at that

2  time, and instead put his name on a docket to see the doctor at a later date. Defendants also gave

3  plaintiff pain medication. *Id*. p. 8. Plaintiff states that, between 2005 and 2006, Drs. Rallos, Naku,

4  and Rohrer, among others, diagnosed and treated plaintiff's hip condition. Defendants took

5  numerous x-rays of plaintiffs hip and ran blood tests. Dr. Rohrer also referred plaintiff to an

6  outside specialist, who injected an "inflammatory shot" into plaintiff's hip. Plaintiff also had an

7  MRI taken of his right hip. *Id*. p. 8-12. Plaintiff alleges that defendants' diagnosis and treatment

8  of his hip injury was inadequate. *Id*. p. 17. He complains that it took defendants too long to

9  diagnose his injury and that defendants gave him the "run-around" rather than properly treating

10  him. Plaintiff claims that this delay and the inadequate treatment he received violated his Eighth

11  Amendment rights. *Id*.

12       Additionally, plaintiff alleges that defendants violated his Fourteenth Amendment right

13  to equal protection. *Id*. p. 19. Plaintiff claims that he has an equal protection right to have "fair

14  medical treatment" as those that are not incarcerated. *Id*. He states that defendants violated his

15  equal protection rights because it took them over a year to diagnose his hip injury, even though

16  the doctors at Queen Valley Hospital were able to diagnose it in a few hours. *Id*. p. 20.

17  "[D]eliberate indifference to a prisoner's serious illness or injury" is a violate of the Eighth

18  Amendment prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97,

19  105 (1976). In order to prove deliberate indifference, a plaintiff must show that the defendant

20  denied, delayed, or intentionally interfered with medical treatment, or that the manner in which

21  defendant provided medical care indicates deliberate indifference. *Hutchinson v. United States*,

22  838 F.2d 390, 394 (9th Cir. 1988). Mere negligence is not sufficient to prove deliberate

23  indifference. *Id*. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or

24  possible medical need for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d

25  1050, 1060 (9th Cir. 1992), *overruled in part on other grounds in WMX Technologies, Inc. v.*

26  *Miller*, 104 F.3d 1133 (9th Cir. 1997).

27       Plaintiff has not made allegations that rise to the level of deliberate indifference on the

28

1   part of defendants Rallos, Naku, Noriega, or the Solano Medical Department. Plaintiff has not

2   alleged that the doctors acted deliberately with respect to their alleged misdiagnoses. Plaintiff has

3   also not alleged that the doctors deliberately failed to treat him. Plaintiff claims that the doctors

4   did attempt to diagnose his injury through x-rays, blood tests, and an MRI, and they did treat him

5   with pain medication and an "inflammatory shot." Defendants also referred plaintiff to an outside

6   specialist. Plaintiff's complaints sound in negligence. Plaintiff claims that the number of x-rays

7   defendants took of his hip while failing to properly diagnose his injury proves medical

8   malpractice. *Id*. p. 16. He states: "How many x-rays [does] its (sic) take to determine whether the

9   injury [sustained is] serious or minor?" *Id*. p. 16-17. Mere negligence is not sufficient to prove

10  deliberate indifference and plaintiff has not alleged that defendants intentionally withheld or

11  delayed treatment. Therefore, plaintiff's Eighth Amendment claim is dismissed.

12          As for plaintiff's equal protection claim, plaintiff has not made allegations that rise to the

13  level of equal protection violations. "Prisoners are protected under the Equal Protection Clause

14  of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*,

15  418 U.S. 539, 556 (1974). Prisoners are also protected by the Equal Protection Clause from

16  intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732,

17  737 (9th Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must

18  present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976).

19  Plaintiff has not alleged that defendants intentionally discriminated against him based on race or

20  religion. Plaintiff does state that "Defendant failed medical treatment Plaintiff's injury because

21  his gender or race which conclusion the injured to be false" (#18, p. 19). However, plaintiff's

22  claim appears to be that he has a right to medical treatment equal to that of free persons. *Id*.

23  Plaintiff makes no mention of his race other than in this sentence, and does not contend that he

24  was treated differently than other inmates. Plaintiff has also not alleged that defendants

25  intentionally delayed or denied medical treatment because of his religion. The Equal Protection

26  Clause does not give plaintiff the right to receive medical care equal to that of unconfined

27  persons. Therefore, plaintiff's Fourteenth Amendment claim is dismissed.

28

1   The parties are advised:

2       1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

3   the parties may file specific written objections to this report and recommendation within ten days

4   of receipt.   These objections should be entitled "Objections to Magistrate Judge's Report and

5   Recommendation" and should be accompanied by points and authorities for consideration by the

6   District Court.

7       2.   This report and recommendation is not an appealable order and any notice of appeal

8   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

9       **IT IS THEREFORE RECOMMENDED** that plaintiff's amended complaint (#18) be

10  **DISMISSED** without prejudice.

11      **DATED:** February 20, 2009.

12

13  _____

14  **UNITED STATES MAGISTRATE JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28